UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES REES, et al.,

          Plaintiffs,

    v.

PNC BANK, N.A., et al.,

          Defendants.

Case No. 14-CV-05232-LHK

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**

Re: Dkt. No. 20

Plaintiffs James and Zane Rees ("Plaintiffs") bring this action against Defendants PNC Bank, N.A., dba PNC Mortgage ("PNC"), Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-backed Pass-through Certificates, Series 2006-QA4 ("Deutsche"), and Does 1 through 50 (collectively, "Defendants"), alleging violations of California's Homeowner Bill of Rights ("HBOR"). First Amended Complaint ("FAC"), ECF No. 18. Defendants now move to strike portions of the FAC that relate to statutory, exemplary, and punitive damages ("Mot."). ECF No. 20. Plaintiffs filed an opposition ("Opp'n"), ECF No. 22, and Defendants filed a reply ("Reply"), ECF No. 23. Because the Court finds this matter suitable for decision without oral argument, *see* Civil Local Rule 7-1(b), the Court hereby VACATES the hearing on this motion set for April 9, 2015. Having considered the submissions of the parties, the

United States District Court
Northern District of California

relevant law, and the record in this case, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Strike.

## I. BACKGROUND

In September 2001, Plaintiffs purchased the property located at 1038 Bethany Lane, Scotts Valley, CA 95066 (the "Property"). FAC ¶ 9. In February 2006, Plaintiffs refinanced the mortgage loan for the Property with National City Mortgage, a division of National City Bank of Indiana. *Id*. On or about March 30, 2011, National City Mortgage assigned the beneficial interest in the deed of trust to Defendant PNC. *Id*. ¶ 10. PNC was also Plaintiffs' loan servicer. *Id*. PNC later assigned the beneficial interest in the deed of trust to Deutsche, but PNC continued to service the loan as an agent of Deutsche. *Id*. ¶ 11.

In 2012, Plaintiffs' sole-proprietor business flagged, and Plaintiffs began to fall behind in their mortgage payments. *Id*. ¶ 12. However, their business recovered in 2013 and 2014, and in 2014 Plaintiffs sought a loan modification in an effort to get out of default. *Id*. Plaintiffs first submitted a loan modification application on or about February 23, 2014, which was subsequently denied on the ground that the proposed modified monthly payment would be too great given Plaintiffs' monthly income. *Id*. ¶¶ 13–14. The May 5, 2014 denial letter informed Plaintiffs that they could contest the denial if it was based on an incorrect statement of their income. *Id*. ¶ 14. A follow-up May 9, 2014 letter informed Plaintiffs that their appeal of the loan modification denial would be due by June 8, 2014. *Id*. ¶ 16.

On May 20, 2014, Plaintiffs appealed their loan modification denial by emailing a letter to the designated email address (MHA_Inquiry@pncmortgage.com), which set forth the grounds for their appeal and included supporting documentation regarding Plaintiffs' income. *Id*. ¶ 17. Following a June 16, 2014 letter from PNC regarding Plaintiffs' failure to execute acceptance documents, Plaintiff Zane Rees ("Rees") contacted PNC. *Id*. ¶¶ 18–19. Plaintiffs allege that Rees was unable to speak with Plaintiffs' assigned single point of contact, Pamela S., and the representative with whom Rees spoke informed Rees that PNC rejected Plaintiffs' appeal because

United States District Court
Northern District of California

the appeal was not on PNC's approved appeal form and Plaintiffs' May 20, 2014 letter "only stated an intention to appeal" the denial. *Id.* ¶ 19. Plaintiffs allege that they did not use PNC's approved appeal form as the form was not included in any correspondence from PNC and Plaintiffs were not aware of any requirement to use the form. *Id.* Plaintiffs also allege that contrary to the PNC representative's assertion, Plaintiffs' May 20, 2014 appeal letter stated that Plaintiffs were "appealing the decision made denying [their] loan modification application," and included the grounds and supporting documentation for the appeal. *Id.* Moreover, according to Plaintiffs, the approved form (which Plaintiffs later obtained) contains only a request for basic identifying information that Plaintiffs had included in their appeal letter. *Id.* ¶ 20. Plaintiffs accordingly allege that they submitted a compliant appeal before the June 8, 2014 deadline. *Id.* Additionally, Plaintiffs are informed and believe that PNC did not have a policy which prevented PNC from reviewing appeals submitted on other forms but which contain all required information for an appeal. *Id.* ¶ 21.

On June 19, 2014, Plaintiffs received an email acknowledgement from PNC of Plaintiffs' appeal letter, the contents of which led Plaintiffs to believe that an individual within PNC named Stacy Gear deleted Plaintiffs' letter appealing PNC's denial of Plaintiffs' loan modification application from Plaintiffs' account. *Id.* ¶ 23.

Sometime in June 2014, Plaintiff James Rees ("J. Rees") was able to speak with his single point of contact, Pamela S., who informed J. Rees that "there had been no filings and no pending foreclosure dates," and that Plaintiffs should simply begin a new loan modification application. *Id.* ¶ 22. On June 23, 2014, Plaintiffs received an invitation from PNC to again apply for a loan modification. *Id.* ¶ 24. Notwithstanding this invitation, two days later, on June 25, 2014, PNC directed the foreclosure trustee, Quality Loan Service Corporation, to record a Notice of Default for Plaintiffs' property. *Id.* Plaintiffs submitted a second loan modification application to PNC on July 7, 2014. *Id.* ¶ 25. PNC denied Plaintiffs' second loan modification application on September 12, 2014, but gave Plaintiffs until October 12, 2014 to appeal. *Id.* ¶ 26.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

On October 10, 2014, Plaintiff Zane Rees contacted PNC and again was unable to speak with Plaintiffs' single point of contact. *Id.* ¶ 27. Rees was informed that because California law prevents collectors from contacting debtors while in active bankruptcy, PNC was unable to contact Plaintiffs. *Id.* Plaintiffs allege that they had never before been informed about this issue, and further allege that their Chapter 7 bankruptcy had closed on January 23, 2014, months before the loan modification process began. *Id.* Plaintiffs are informed and believe that PNC knew of Plaintiffs' bankruptcy closure but simply failed to update their files. *Id.*

Plaintiffs appealed the second denial the following day, on October 11, 2014. *Id.* Plaintiffs sent the appeal via facsimile, as set forth in the September 12, 2014 loan modification denial correspondence, and Plaintiffs received confirmation that the entire appeal was successfully transmitted to PNC. *Id.* ¶ 28. Two days later, on October 13, 2014, PNC informed Plaintiffs that PNC would not review Plaintiffs' appeal because the appeal was not received within 30 days of the September 12, 2014 denial. *Id.* ¶ 29. Plaintiffs allege this rejection was in error as Plaintiffs' complete appeal was faxed on October 11, 2014, one day before the deadline, and Plaintiffs received confirmation that the fax was successfully transmitted on that date. *Id.*

Plaintiff Zane Rees thereafter contacted PNC on October 20, 2014 to check on the status of Plaintiffs' appeal and was informed that Rees would need to call back at a later time, as PNC's systems were down and the appeal unavailable. *Id.* ¶ 30. Plaintiff called back the following day, October 21, 2014, and was able to speak with Plaintiffs' single point of contact, Pamela S. *Id.* ¶ 31. Pamela S. informed Rees that PNC's systems were still down, but that Plaintiffs' appeal had been received on October 13, 2014. *Id.* Rees was also informed that a Notice of Trustee Sale had been recorded and that a November 21, 2014 sale date had been scheduled. *Id.*

Plaintiffs allege that two days later, on October 23, 2014, PNC directed the foreclosure trustee, Quality Loan Service Corporation, to record a Notice of Trustee's Sale for the Property.[1]

---

[1] Although neither the initial Complaint nor the FAC state whether a foreclosure sale has taken place, Defendants state in their motion to strike that "[n]o foreclosure sale has commenced." Mot. at ECF p. 5. It is unclear from the pleadings and the parties' moving papers whether a sale is

4

Case No.: 14-CV-05232-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

*Id.* The same day, convinced that PNC was intentionally thwarting their efforts to apply for a loan modification, Plaintiffs filed suit in the Superior Court of the State of California for the County of Santa Cruz. ECF No. 1, Ex. A. The Complaint alleged three causes of action, for violation of: (1) California Civil Code § 2923.6; (2) California Civil Code § 2924.17; and (3) California Civil Code § 2923.7. *Id.* The Complaint alleges generally that "each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendant," and that "[e]ach Defendant was acting in concert with each remaining Defendant in all matters alleged, [and] at all times was acting within the course and scope of its agency, employment, partnership, and/or concert of action." *Id.* ¶ 8.[2] The Complaint sought actual, compensatory, statutory, exemplary, and punitive damages, disgorgement, and injunctive relief. *See id.*

On November 25, 2014, Defendants removed the case to federal court on the ground that this Court has original jurisdiction under 28 U.S.C. § 1331 (diversity of citizenship). ECF No. 1. Following the parties' declination to proceed before a magistrate judge, ECF No. 13, and reassignment to the undersigned judge, ECF No. 15, Plaintiffs filed their FAC on December 16, 2014, ECF No. 18. The FAC contains several new factual allegations, including that Defendants' conduct was malicious, fraudulent and/or oppressive, and calculated to injure Plaintiffs, and that Plaintiffs are therefore entitled to punitive damages under California Civil Code § 3294. *Id.* ¶¶ 44, 49, 62. The FAC also clarified that Plaintiffs' first and second causes of action are against all Defendants, while Plaintiffs' third cause of action, for violation of Cal. Civ. Code § 2923.7, is against Defendant PNC only. *See id.* at 9, 12, 13. Lastly, the FAC no longer seeks actual damages, compensatory damages, or disgorgement.

On December 30, 2014, Defendants moved to strike portions of the FAC that relate to statutory, exemplary, and punitive damages. ECF No. 20. Plaintiffs filed an opposition to the Motion to Strike on January 12, 2015, ECF No. 22, and on January 16, 2015, Defendants filed a

---

currently scheduled, or whether the parties are awaiting the outcome of this litigation.
[2] The SAC contains the same allegations regarding agency. *See* SAC ¶ 8

United States District Court
Northern District of California

1   reply, ECF No. 23.

2          Defendants accompanied their Motion to Strike with a request that the Court take judicial

3   notice of the following documents relating to the Property: (1) a Deed of Trust recorded on

4   February 14, 2006; (2) two recorded Assignments of the Deed of Trust; (3) a Notice of Default

5   and Election to Sell Under Deed of Trust recorded on June 25, 2014; and (4) a Notice of Trustee's

6   Sale recorded on October 23, 2014. ECF No. 21. A court may take judicial notice over undisputed

7   public documents. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861,

8   866 n.1 (9th Cir. 2004) (granting judicial notice over "undisputed matters of public record"); *see*

9   *also* Fed. R. Evid. 201(d) (providing that upon request a court shall take notice of adjudicative

10  facts if such facts "are not subject to reasonable dispute"). Plaintiffs do not oppose Defendants'

11  request, and in their opposition Plaintiffs rely upon the information in these public documents. The

12  Court therefore GRANTS Defendants' unopposed request, and has taken notice of the attached

13  public documents.

14  **II.  LEGAL STANDARD**

15         Federal Rule of Civil Procedure 8(b)(3) requires a party to state "a demand for the relief

16  sought, which may include relief in the alternative or different types of relief." Rule 12(f) permits

17  a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous

18  matter." Fed. R. Civ. P. 12(f). A matter is immaterial if it "has no essential or important

19  relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984

20  F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is

21  impertinent if it consists of statements that do not pertain to and are not necessary to the issues in

22  question. *Id*. Redundant allegations are those that are wholly foreign to the issues involved or the

23  needless repetition of allegations. *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216

24  (E.D. Cal. 2011); *Nguyen v. CTS Electronics Mfg. Solutions Inc.*, 301 F.R.D. 337, 342 (N.D. Cal.

25  2014).

26         A Rule 12(f) motion to strike serves "to avoid the expenditure of time and money that must

1  arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein*

2  *v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Fantasy*, 984 F.2d at 1527.

3  Granting a motion to strike may be proper if it will eliminate serious risks of prejudice to the

4  moving party, delay, or confusion of the issues. *Fantasy*, 984 F.2d at 1527–28. However, motions

5  to strike are generally disfavored and "should not be granted unless the matter to be stricken

6  clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v.*

7  *IHI, Inc*., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "Some courts also

8  refuse to grant Rule 12(f) motions unless prejudice would result to the moving party from denial

9  of the motion." *Id*. If there is any doubt whether the challenged matter might bear on an issue in

10  the litigation, the motion to strike should be denied, and assessment of the sufficiency of the

11  allegations left for adjudication on the merits. *See Whittlestone, Inc. v. Handi–Craft Co*., 618 F.3d

12  970 (9th Cir. 2010); *see also* 5A Wright & Miller, *Federal Practice and Procedure* § 1380 (2014).

13  "With a motion to strike, just as with a motion to dismiss, the court should view the

14  pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt*, 352 F. Supp. 2d

15  at 1057 (citations omitted). Ultimately, whether to grant a motion to strike lies within the sound

16  discretion of the district court. *See Whittlestone*, 618 F.3d at 973; *see also Nguyen*, 301 F.R.D. at

17  342.

18  **III. ANALYSIS**

19  The FAC alleges that Defendants violated Sections 2923.6, 2924.17, and 2923.7 of the

20  California HBOR by failing to follow statutory requirements for evaluating Plaintiffs' loan

21  modification applications and appeals. FAC ¶¶ 33–62. Plaintiffs seek injunctive relief, statutory

22  damages, exemplary and punitive damages, and attorneys' fees and costs. FAC at 16. Plaintiffs'

23  claim for exemplary and punitive damages is based on California Civil Code § 3294, which

24  provides in relevant part that:

25          (a) In an action for the breach of an obligation not arising from
26          contract, where it is proven by clear and convincing evidence that
           the defendant has been guilty of oppression, fraud, or malice, the

27

28  Case No.: 14-CV-05232-LHK
   ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

United States District Court
Northern District of California

plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

(b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of . . . or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification . . . must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code § 3294.

Defendants move to strike Plaintiffs' prayer for statutory damages, exemplary damages, and punitive damages. Mot. at ECF p. 5. As Defendants note in their motion to strike, before a foreclosure sale has taken place, the only remedy provided by the California HBOR is injunctive relief. Mot. at ECF p. 7; *see also* Cal. Civ. Code § 2924.12(a)(1). Here, because no foreclosure sale has taken place, *see* Mot. at ECF p. 5, Plaintiffs may seek only injunctive relief under the HBOR. Acknowledging this, Plaintiffs state in their opposition that "Plaintiffs' claim for statutory damages is limited to their claim pursuant to Civil Code § 3294(a)," Opp'n at 8, which provides for exemplary and punitive damages. Thus, Plaintiffs concede that their claim for statutory damages is the same as their claim for exemplary and punitive damages.

Under Rule 12(f), a court may strike from a pleading "redundant" matter, which is defined as "a needless repetition of allegations." *Nguyen*, 301 F.R.D. at 342 (citing *Thornton v. Solutionone Cleaning Concepts, Inc.*, Case No. 06-1455, 2007 WL 210586 (E.D. Cal. Jan. 26, 2007)). In Plaintiffs' prayer for relief, Plaintiffs seek in paragraph 5 statutory damages, and in paragraph 6, exemplary and punitive damages. FAC at 16. Because Plaintiffs have conceded that their prayer for statutory damages "is limited to their claim pursuant to Civil Code § 3294(a)," Opp'n at 8, the Court GRANTS Defendants' motion to strike Plaintiffs' prayer for statutory damages as redundant and duplicative of Plaintiffs' prayer for exemplary and punitive damages.

Defendants advance two arguments in their motion to strike Plaintiffs' claims for exemplary and punitive damages. First, Defendants argue that Plaintiffs are not entitled to the requested damages as a matter of law. *Id*. at ECF p. 7. Second, Defendants argue that Plaintiffs'

8

United States District Court
Northern District of California

1   requests for exemplary and punitive damages should be stricken because the facts alleged in the

2   FAC are insufficient to show that Plaintiffs are entitled to such relief. *Id*. at ECF p. 5–7.

3   Defendants contend that Plaintiffs' allegations fail to satisfy both the general standard set forth in

4   Cal. Civ. Code § 3294(a) for recovery of punitive damages in cases of "oppression, fraud, or

5   malice," as well as the requirements in § 3294(b) for recovery of punitive damages from a

6   corporate employer for the conduct of its employees. *Id*. For the reasons set forth below, the Court

7   finds that Plaintiffs' allegations are sufficient to support a claim for exemplary and punitive

8   damages, and DENIES Defendants' Motion to Strike.

9        Defendants' first argument—that Plaintiffs cannot recover punitive damages as a matter of

10  law—fails because it is expressly precluded by the Ninth Circuit's holding in *Whittlestone, Inc. v.*

11  *Handi–Craft Co*. In *Whittlestone*, the Ninth Circuit held "Rule 12(f) does not authorize district

12  courts to strike claims for damages on the ground that such claims are precluded as a matter of

13  law." 618 F.3d at 974. According to the Ninth Circuit, such an argument is more properly

14  advanced on a motion to dismiss or for summary judgment. *Id*. For the purposes of a motion to

15  strike, where a plaintiff has met the basic pleading requirements under the Federal Rules, a

16  plaintiff's damages claim "is not immaterial, because whether these damages are recoverable

17  relates directly to the plaintiff's underlying claim for relief [and] is not impertinent, because

18  whether these damages are recoverable pertains directly to the harm being alleged." *Id*.

19  Accordingly, Defendants' argument that Plaintiffs are not entitled to their requested damages as a

20  matter of law fails because under *Whittlestone* such an argument does not satisfy Rule 12(f).

21       Defendants' second argument is that Plaintiffs have failed to plead sufficient factual

22  allegations to support their prayer for exemplary and punitive damages. Mot. at ECF p. 5–6.

23  Specifically, Defendants argue that to recover exemplary or punitive damages under Cal. Civ.

24  Code § 3294(a), "a plaintiff must plead facts sufficient to show that a defendant acted with

25  oppression, fraud or malice," and "identify and allege specific facts and not mere conclusions." *Id*.

26  at ECF p. 6. Defendants also assert that the FAC contains insufficient allegations to bring a

Case No.: 14-CV-05232-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

United States District Court
Northern District of California

1    punitive damages claim based on corporate liability under § 3294(b). *Id*. at ECF p. 7. Specifically,

2    Defendants argue that Plaintiffs have not alleged that Defendants Deutsche, as holder of the Deed

3    of Trust, or PNC, the servicer of the loan as an agent of Deutsche, ratified or authorized the

4    actions of PNC employees which form the basis for Plaintiffs' claims. *Id*. The Court first

5    addresses the sufficiency of Plaintiffs' allegations under section 3294(a) before turning to section

6    3294(b).

7            As an initial matter, Defendants apply the wrong standard for evaluating the sufficiency of

8    Plaintiffs' pleadings in federal court. In state court, a plaintiff must plead facts to support the

9    conclusion that the defendant acted with malice, fraud, or oppression in order to state a claim for

10   punitive damages under Cal. Civ. Code § 3294(a). *See Smith v. Superior Court*, 10 Cal. App. 4th

11   1033, 1041 (1992) (dismissing a claim for punitive damages when the complaint was "devoid of

12   any factual assertions supporting a conclusion petitioners acted with oppression, fraud or malice").

13   However, section 3294 "is a state procedural rule not implicated" in federal court. *Bledea v.*

14   *Indymac Fed. Bank*, Case No. 09-1239, 2010 WL 715255, at *13 (E.D. Cal. Feb. 25, 2010);

15   *Taheny v. Wells Fargo Bank, N.A.*, Case No. 10-2123, 2011 WL 1466944, at *4 (E.D. Cal. Apr.

16   18, 2011).

17          Federal Rules of Civil Procedure provide the pleading standard for cases in federal courts.

18   "Although Section 3294 provides the governing substantive law for punitive damages,

19   California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the

20   Federal Rules of Civil Procedure—the provisions governing the adequacy of pleadings in federal

21   court." *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000). Under Fed. Rule.

22   Civ. P. 9(b), "malice, intent, knowledge, and other conditions of the mind may be alleged

23   generally." In the Ninth Circuit, plaintiffs need not plead "any particularity in connection with an

24   averment of intent, knowledge or condition of the mind." *In re GlenFed Sec. Litig.*, 42 F.3d 1541,

25   1547 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in SEC v. Todd*,

26   642 F.3d 1207, 1216 (9th Cir. 2011). Accordingly, "in federal court, a plaintiff may include a

27

                                                    10

28   Case No.: 14-CV-05232-LHK
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

United States District Court
Northern District of California

'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Clark*, 106 F. Supp. 2d at 1019; *see also Somera v. Indymac Fed. Bank, FSB*, Case No. 09-1947, 2010 WL 761221 (E.D. Cal. Mar. 3, 2010) ("Under federal pleading standards, defendant's argument that plaintiff must plead specific facts to support allegations for punitive damages is without merit."); *Taheny*, 2011 WL 1466944, at *4 (same); *but see Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010) (rejecting conclusory allegations of malice, fraud, or oppression as not reflecting new pleading regime under *Twombly* and *Iqbal*).

Here, Plaintiffs have pled several non-contract claims for which they may be entitled to punitive damages if the elements of section 3294 are met. In the FAC, Plaintiffs allege that Defendants' "actions were malicious and willful; in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff." FAC ¶¶ 44, 49, 62. Even if conclusory and unsupported, such an averment of malice or fraudulent intent is sufficient to support a request for punitive damages under Cal. Civ. Code § 3294(a) in federal court on a motion to strike. *Clark*, 106 F. Supp. 2d at 1019; *Taheny*, 2007 WL 1456042, at *4.

Defendants also seek to strike Plaintiffs' request for exemplary and punitive damages on the basis that the FAC does not adequately plead the requirements for recovery of punitive damages against a corporation under Cal. Civ. Code § 3294(b). Mot. at ECF p. 7.

Like section 3294(a), section 3294(b) is a pleading requirement. *See Scannell v. County of Riverside*, 152 Cal. App. 3d 596, 416 (1984) (defendant's motion to strike exemplary damages should have been granted when plaintiff had "not pleaded that acts of employees of defendant corporation were done with the knowledge or under the express direction or ratification of an officer, director or managing agent of the corporation."); *McMurray v. Merck & Co.*, Case No. 07-1007, 2007 WL 1456042, at *2 (N.D. Cal. May 17, 2007) (granting a motion to strike punitive damages where plaintiff "failed to plead the allegedly wrongful conduct was authorized or ratified by an officer, director or managing agent of defendant."); *Taheny*, 2011 WL 1466944, at *3

11

United States District Court
Northern District of California

(same). Section 3294(b) provides that a plaintiff may recover punitive damages against an employer for acts of its employees only where "the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(b). Furthermore, "with respect to a corporate employer," such as the Defendants in this case, "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." *Id*. Defendants point out that Plaintiffs do not specifically allege that Defendants ratified or authorized the actions of PNC employees which form the basis for Plaintiffs' claims. Mot. at ECF p.7; Reply, at 3. Accordingly, Defendants argue that Plaintiffs' FAC fails to satisfy Cal. Civ. Code § 3294(b) and that Plaintiffs' request for exemplary and punitive damages should be stricken.

      Since the Ninth Circuit decided *Whittlestone*, courts have reached different results regarding the sufficiency of pleadings in federal court for punitive damages under section 3294(b). Some courts have required plaintiffs to plead authorization or ratification of allegedly wrongful acts by officers, directors, or managing agents of a corporation to survive motions to strike punitive damages. *See, e.g., McMurray*, 2007 WL 1456042, at *2 (striking punitive damages where plaintiff failed to specifically plead authorization or ratification); *Taheny*, 2011 WL 1466944, at *5 (denying motion to strike where plaintiffs had alleged "defendants consented, acquiesced, approved and ratified the behavior and conduct of its employees . . . in causing harm to plaintiffs"). Others have assumed authorization, *see, e.g., Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1066 fn.13 (C.D. Cal. 2009) (holding that the court could assume on a motion to strike that employee's conduct was authorized by his superiors), or inferred authorization or ratification based on factual allegations in the complaint, *see, e.g., Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888–89 (N.D. Cal. 2011) (denying motion to strike although plaintiff had not expressly pleaded authorization or ratification based on

United States District Court
Northern District of California

United States District Court
Northern District of California

1  plaintiff's argument that allegedly fraudulent loan would not have been made if it was not

2  authorized or ratified by corporate employer).[3]

3      Here, the FAC states that "Plaintiffs are informed, believe, and thereon allege that at all

4  times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-

5  conspirator, and/or joint venturer of each remaining Defendant." FAC ¶ 8. The FAC also alleges

6  that "[e]ach Defendant was acting in concert with each remaining Defendant in all matters alleged,

7  [and] at all times was acting within the course and scope of its agency, employment, partnership,

8  and/or concert of action." *Id*. These allegations, along with Plaintiffs' allegations that their injury

9  was the result of the conduct of multiple employees, plausibly suggest a calculated plan to injure

10  Plaintiffs, which could not have occurred absent advance knowledge, authorization, or ratification

11  by an officer, director, or managing agent of the Defendant corporations. *See, e.g., Ortega v. Univ.*

12  *of Pac.*, Case No. 13-1426, 2013 WL 6054447, at *4 (E.D. Cal. Nov. 15, 2013) (inferring

13  authorization or ratification from superior's refusal to investigate complaints of wrongful acts);

14  *Nouri v. Ryobi Am. Corp.*, Case No. 14-6283, 2014 WL 5106903, at *1 (C.D. Cal. Oct. 9, 2014)

15  (denying motion to strike, finding plaintiff had adequately pleaded a claim for punitive damages

16  under section 3294 based on bare allegation that conduct "was authorized"); *see also Shaterian*,

17  829 F. Supp. 2d at 888–89.

18      In sum, the Court finds that Defendants have not met their burden under Rule 12(f) to

19  show that the cited portions of the FAC which concern exemplary and punitive damages should be

20  stricken pursuant to Fed. R. Civ. P. 12(f). The Court cannot conclude that Plaintiffs' request for

21

22  _____

[3] Some courts, noting the Ninth Circuit's language in *Whittlestone* expressing a clear preference

23  for limiting motions to strike under Rule 12(f) to the grounds set forth in the Rule itself, have refused to strike punitive damages claims against corporations even absent allegations of

24  authorization or ratification, so long as a plaintiff has alleged malice, fraud or oppression. *See, e.g., Escobedo v. Countrywide Home Loans, Inc.*, Case No. 09-1557, 2009 WL 4981618, at *4

25  (S.D. Cal. Dec. 15, 2009) ("Conclusory assertions of intentional and malicious misconduct are sufficient to support a claim for punitive damages," even where plaintiff has not pleaded the basis

26  for corporate liability under section 3294); *Simmons v. Countrywide Home Loans, Inc.*, Case No. 09-1245, 2010 WL 2635220, at *7 (S.D. Cal. June 29, 2010) (denying motion to strike where

27  plaintiff had alleged only that corporate employees had "acted with oppression or malice.").

13

28  Case No.: 14-CV-05232-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

exemplary and punitive damages "has no essential or important relationship to the claim for relief," and so cannot find Plaintiffs' request immaterial.  *See Fantasy*, 984 F.2d at 1527. Nor is Plaintiffs' exemplary and punitive damages request is impertinent, as it pertains and is necessary to the issues in this case. *Id.* Moreover, Plaintiffs' request for exemplary and punitive damages is clearly neither redundant nor scandalous.

Finally, the Court notes that the Ninth Circuit has expressed clear guidance that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone*, 618 F.3d at 974. Moreover, there is a strong preference against motions to strike. *See, e.g., Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("[S]triking a party's pleadings is an extreme measure, and, as a result, . . . motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted"). The allegations in the FAC are adequate to put Defendants on notice of the nature of the requested damages, *see Zambrano v. CarMax Auto Superstores, LLC*, Case No. 13-2107, 2014 WL 6751065, at *10 (S.D. Cal. Dec. 1, 2014), and Defendants have identified no prejudice they would suffer if Plaintiffs' claims for punitive damages are not stricken from the FAC, *see Platte Anchor Bolt*, 352 F. Supp. 2d at 1057. Accordingly, construing the allegations in the complaint in the light most favorable to Plaintiffs, the Court finds Plaintiffs' claim for exemplary and punitive damages sufficient and not subject to striking under Rule 12(f).

## IV. CONCLUSION

Neither Plaintiffs' prayer for exemplary and punitive damages, nor the facts alleged in support of that prayer for relief are "redundant, immaterial, impertinent, or scandalous" as required on a motion to strike under Rule 12(f). However, the Court finds that Plaintiffs' prayer for statutory damages is redundant under Rule 12(f). Accordingly, IT IS HEREBY ORDERED that Defendants' Rule 12(f) motion to strike is GRANTED in part and DENIED in part as follows:

1. DENIED as to Plaintiffs' prayer for exemplary and punitive damages, and those portions of the FAC which allege facts in support thereof; and

14

United States District Court
Northern District of California

2.   GRANTED as to Plaintiffs' prayer for statutory damages as set forth in paragraph 5 of

Plaintiffs' prayer for relief.[4]

**IT IS SO ORDERED**.

Dated: April 7, 2015

_____

LUCY H. KOH
United States District Judge

---

[4] Defendants do not move to strike, and the Court does not rule on, Plaintiffs' prayer for attorneys' fees and costs also set forth in paragraph 5 of Plaintiffs' prayer for relief.

15

Case No.: 14-CV-05232-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE